**SPIRO MOSS LLP**
J. Mark Moore (SBN 180473)
mark@spiromoss.com
Ira Spiro (SBN 67641)
ira@spiromoss.com
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Phone:  (310) 235-2468
Fax:     (310) 235-2456

**ARBOGAST & BERNS LLP**
David M. Arbogast, Esq. (SBN 167571)
darbogast@law111.com
Jeffrey K. Berns, Esq. (SBN 131351)
jberns@law111.com
19510 Ventura Boulevard, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000
Fax:     (818) 867-4820

Attorneys for Plaintiffs and all others Similarly Situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE E. BOSCHMA and SHIRLEY C. BOSCHMA, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>HOME LOAN CENTER, INC. d/b/a LENDINGTREE LOANS, a California Corporation; and DOES 1 through 100 inclusive,<br><br>                    Defendants. | CASE NO.  8:09-cv-00914-AHS-RNB<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**<br><br>Hearing Date:   September 28, 2009<br>Time:               9:00, a.m.<br>Place:              Courtroom 10-A<br>Judge:             Hon. Alicemarie H. Stotler<br><br><br>Complaint filed:   June 19, 2009<br>Removal filed:     August 7, 2009 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiffs and thousands of similarly situated California citizens have been placed under the imminent threat of losing their homes due to Defendant's misleading and deceptive Adjustable Rate Mortgages (hereafter "Option ARM loans.")  *See* Complaint ¶¶ 1-28.  This case seeks to redress this wrong.

This consumer fraud class action has been brought against Defendant HOME LOAN CENTER, INC. d/b/a LENDINGTREE LOANS ("Home Loan Center" or "Defendant"), a California corporation,[1] for its deceptive and unfair practices in connection with the sale of its Option ARM loan product in California.  In particular, Plaintiffs' class claims seek to redress Defendant's failure to disclose important material facts to borrowers, before they entered into the subject loan contracts with Defendant.  As such, this consumer fraud class action is based on Defendant's failures to disclose important material facts relating to the Option ARM loans Defendant sold to Plaintiffs and all other similarly situated residents of California.  *See* Complaint, ¶¶ 2-4, 14 and 52-54.

Plaintiffs' Complaint asserts claims under California law for fraudulent omissions (¶¶38-58), violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.* (¶¶59-77), breach of contract (¶¶78-85), and for tortious breach of the implied covenant of good faith and fair dealing (¶¶86-94).  Notwithstanding Defendant's present strained effort to manufacture federal jurisdiction, Plaintiffs assert no federal law claims.  Nor does Defendant - a California corporation - claim that diversity jurisdiction exists.  Accordingly, and for the reasons discussed herein, Plaintiffs' Motion to Remand should be granted.

---

[1] *See* California Secretary of State Print-out, Declaration of J. Mark Moore, Ex. 1.

## II.    STATEMENT OF FACTS

Plaintiffs are consumers who applied for a primary residence mortgage through Home Loan Center.  Complaint, ¶ 2-4.  Home Loan Center sold Plaintiffs a type of loan called an Option ARM loan.  *Id.* at ¶ 5.  When selling these loans, Home Loan Center, through its loan documents, failed to disclose to Plaintiffs and Class Members, before they entered into the loans, (i) that the payment schedule for the first two to five years was not based upon the APR listcd on the TILDS; (ii) that negative amortization will occur and that the "principal balance will increase"; (iii) that the initial interest rate on the Note was discounted; and (iv) the applicable annual percentage rate ("APR").  *Id.* at  ¶¶ 55.  In fact, Defendant failed to disclose that the interest rate applicable to Plaintiffs' Option ARM loan would increase after just thirty days. *Id.* at ¶ 52.

The loan documents Defendant provided to Plaintiffs also failed to disclose that Plaintiffs' monthly payments would not be applied to both principal and interest, even though the loan contract stated "I will pay principal and interest by making payments every month." *Id.* at Ex. 1, ¶ 3(A).  However, Defendant failed to disclose that the monthly payment amounts Defendant provided to Plaintiffs and Class Members before they entered into these loans were insufficient to cover both principal and interest.  *Id.* at ¶ 39-43.  Accordingly, Defendant never applied any of Plaintiffs' payments to principal. *Id.*  Defendant's loan documents also failed to disclose to Plaintiffs and the Class Members that if they made payments based on the low interest rate, i.e., the payment amounts stated in the Truth-in-Lending Disclosure Statement ("TILDS"), that negative amortization was absolutely certain to occur.  *Id.* at ¶ 15.  However, Defendant failed to disclose that the subject Option ARM loans were designed to result in negative amortization, and in fact guaranteed that negative amortization would occur.  *Id.*   Finally, Plaintiffs could not extricate themselves from their loans because Defendant included a stiff and onerous prepayment penalty provision in the loans.  *Id.* at at ¶ 21.  Accordingly, Plaintiffs seek compensatory, consequential and punitive damages, and legal and equitable restitution.

III.    **ARGUMENT**

    A.    **Standard On Motion to Remand: "Removal Statutes Are Strictly Construed Against Removal," And Defendant Has The Burden of Showing That Removal Was Proper.**

In determining whether removal jurisdiction exists, the Supreme Court has mandated that courts construe their jurisdiction *narrowly, against removal. Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941).  This principle has been re-affirmed by the Ninth Circuit, which has stated that "removal statutes are *strictly construed against removal*." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) (emphasis added).  The "*defendant always has the burden of establishing that removal is proper*." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).  "[F]ederal jurisdiction 'must be rejected if there is *any doubt* as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (emphasis added, internal citations omitted).

This strict construction against removal supports the clearly articulated public policy behind removal that was summarized in *Ghaderi v. United Airlines, Inc.*:

> We must honor the following policies....
>
> •    Public policy *favors allowing state courts to adjudicate state law claims*: The diversity statute is to be strictly construed against intruding on the rights of the states to decide their own controversies.
>
> •    . . . There is a presumption against removal and federal courts must reject jurisdiction if there is doubt about the right of removal in the first instance.
>
> ****
>
> These policies must drive doubt resolution in this context. Each directs us to remand, where appropriate.

*Ghaderi v. United Airlines, Inc.*, 136 F.Supp. 2d 1041, 1047 (N.D. Cal. 2001) (emphasis added).

**B.  Defendant Cannot Establish Federal Question Jurisdiction Over Plaintiffs' Fraud-Based Claims.**

Plaintiffs' claims arise *exclusively under California law* and thus do not support removal based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).  It is well-settled law that (1) federal courts may exercise removal jurisdiction over state-court actions "of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a); that (2) federal district courts have original jurisdiction over "all civil actions arising under the Constitutions, law, or treaties of the United States," 28 U.S.C. § 1331; and that (3) the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In light of these bedrock principles of American law, the Supreme Court has repeatedly held that the removal statute "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (citing *Merrell Dow Pharm's, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986); *Great North R. v. Alexander*, 246 U.S. 276, 282 (1918); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913).  Since the plaintiff's complaint is the sole basis for determining federal court jurisdiction, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow*, *supra*, 478 U.S. at 808.  This includes defenses based on alleged federal preemption, as "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both sides concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in original).

Here, in order to claim that federal question jurisdiction exists, Defendant must resort to trying to rewrite Plaintiffs' state-law claims to fit them into the "special and small category" of cases, *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677,

699 (2006), where a complaint raises a federal issue embedded within a state-law claim. This variant on the well-pleaded complaint rule applies where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod's, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). But this case does not come close to falling within the "special and small" *Grable* rule for at least three separate and independent reasons.

First, unlike in *Grable*, here Plaintiffs do not assert a federal law issue on the face of their Complaint. In *Grable*, the Supreme Court found the predicate federal law question to be present where the plaintiff filed a quiet title action for property in state court based on its claim that the defendant's "record title was invalid because the IRS had failed to notify Grable of its seizure of the property in the exact manner required by [26 U.S.C.] § 6335(a)." *Grable*, 545 U.S. at 311. The Complaint in *Grable* thus stated a claim for violation of a federal tax statute.

Here, by contrast, Plaintiffs' Complaint nowhere references any federal statute or regulation in asserting claims arising solely under California law. Defendant tries to gloss over the absence of any allegations regarding federal law by referencing a prior action in which Plaintiffs did assert claims under federal Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq. See* Notice of Removal ¶¶ 3,6. But Plaintiffs did not assert such a claim in this case. The fact that Plaintiffs *could have* chosen to assert federal claims in this case is irrelevant. They did *not* do so here and it is well-established that plaintiffs are free to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, *supra*, 482 U.S. at 392. Since there is no "stated federal issue" in the Complaint, Defendant's arguments for removal under *Grable* do not even get off the ground.

Second, even if it could be said that the Complaint contains some hidden federal issue notwithstanding Plaintiffs' reliance on state law, that still would not support

removal because the Complaint asserts numerous independent state-law grounds for the

relief Plaintiffs seek.  In *Grable*, the Supreme Court held that the stated federal issue must

be "an essential element of [the] claim," 545 U.S. at 315, to support removal.

The Ninth Circuit and this Court have echoed this requirement that the federal law

issue be essential or necessary to the resolution of a state-law claim to support removal.

*See*, *e.g.*, *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold*,

524 F.3d 1090, 1102 (9th Cir. 2008) ("Here, we cannot say that a court would need to

resolve a disputed provision of the [Natural Gas Act, 15 U.S.C. §§ 717-717z] in order to

resolve Williston's state law conversion or negligence claims, because no provision of

the NGA constitutes an essential element of those claims."); *Bolden v. KB Home*, 618 F.

Supp. 2d 1196, 1207 (C.D. Cal. 2008) ("Even assuming that Plaintiff's reliance on the

US-PAP is a federal issue, federal jurisdiction does not attach because Plaintiff's UCL

claim is based on alternative state and federal theories."); *Ricano v. Aurora Loan*

*Servicing*, 2009 U.S. Dist. LEXIS 38461 at *5 (C.D. Cal. April 22, 2009) ("Here, the

only claim that mentions federal law is Ricano's second cause of action for Predatory

Lending Violations.  However, this claim does not qualify for federal question

jurisdiction because it does not 'necessarily' raise a federal issue. . . .  Because this state-

law claim can be supported by 'alternate and independent' state law theories, and thus,

federal law is not a 'necessary element of the claim,' federal question jurisdiction does

not attach.") (Citations omitted).

So it is here, where Plaintiffs' UCL claims are supported by independent

allegations of "unlawful" conduct under Cal. Civ. Code §§ 1572, 1573, and 1710

(Complaint ¶67) as well as additional and independent allegations of "unfair" and

"fraudulent" conduct (¶¶68-76) that make, and require, no reference whatsoever to

federal law.

Since no federal law can possibly be deemed "essential" to deciding Plaintiffs'

UCL and common law claims, there is no federal question basis whatsoever for removing

these claims to federal court.   The fact - which Defendant refuses to accept - is that

Plaintiffs' state-law nondisclosure claims do not depend on TILA.

Third, and perhaps most fundamentally, remand is warranted here because allowing removal on so slender a reed as is presented here in a predatory mortgage fraud case would severely disrupt the "congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. In *Bolden*, *supra*, this Court recognized the severe disruption of the federal-state court balance that would result from allowing removal of predatory mortgage fraud claims under the UCL based on the mere fact of a "reference" to federal law in distinguishing the removal allowed in *Grable* itself:

> Moreover, unlike the limited number of quiet title actions based on federal tax provisions noted by the Supreme Court in *Grable*, it is not uncommon for UCL claims to borrow from federal law. A UCL claim based on [Uniform Standards and Professional Appraisal Practice] violations is thus similar to the federal branding standard in *Merrell Dow* used to show negligence per se. There is a high probability that accepting Defendant's position would significantly increase the number of state law cases removed to federal court involving UCL claims. Even though UCL claims are no stranger to the federal courts, this is no reason to adopt a position that encourages the relationship.

*Bolden*, 618 F. Supp. 2d at 1207.

Likewise, numerous courts have held that allowing removal of state-law claims based on an allegedly embedded TILA issue would seriously disrupt the Congressionally authorized balance between federal and state court jurisdiction in 28 U.S.C. § 1331 and in TILA itself. *See*, *e.g.*, *Wagner v. Wisconsin Auto Title Loans, Inc.*, 584 F. Supp. 2d 1123, 1126 (E.D. Wis. 2008) ("Aside from Wisconsin, there are numerous states with statutes that incorporate TILA's disclosure requirements by reference. To find in favor of jurisdiction would present the risk of attracting 'a horde of original filings and removal cases raising other state claims with embedded federal issues.'") (quoting *Grable*, 545 U.S. at 318) (statutory citations omitted); *Alcarmen v. Citibank N.A.*, 2009 U.S. Dist. LEXIS 42450 at *12 (N.D. Cal. May 13, 2009) ("As a final point, the Court notes that its

finding that this case raises no substantial federal question comports with the

congressionally approved balance of federal and state judicial responsibilities.  Congress

has expressly conferred on state courts -- not just federal courts -- the authority to

entertain TILA claims.") (citing 15 U.S.C. § 1640(e): "Any action under this section may

be brought in any United States district court, *or in any other court of competent*

*jurisdiction*[.]") (emphasis added).

The same reasoning applies here.  Allowing a defendant to remove a case based  on

the mere fact that the asserted state-law claims in the case address the *same subject*

*matter* that is covered by TILA – *i.e.* home mortgage loan disclosures -- would make the

federal district courts the courts of first resort for predatory lenders trying to flee the

courts of the states that are bearing the consequences of their unlawful conduct.  For this

and each of the other foregoing reasons, Plaintiffs' fraud-based claims under the UCL

and California common law should be remanded to the California State Court.

Finally, it bears noting that this is not the first time this Court has been confronted

with an Option ARM lender's attempt to keep state law claims in this Court.   Recently,

in *Ly v. Gateway Business Bank*, 2009 WL 1705815 (C.D. Cal. June 11, 2009), the

plaintiffs filed a Second Amended Complaint alleging claims for fraudulent omissions,

violations of the Unfair Competition Law, Bus. & Prof. Code § 17200, breach of contract

and tortious breach of the implied covenant of good faith and fair dealing.  The prior

complaint had included a federal TILA claim.  *Ly*, at *1.  This Court issued an order to

show cause as to why the case should not be dismissed without prejudice for lack of

subject matter jurisdiction, citing the absence of any federal question.   *Id*.  In response,

the defendant argued that the Court should exercise supplemental jurisdiction over the

state law claims, in part because the plaintiff was "forum-shopping" by filing an amended

complaint with only state-law claims.   *Id*.[2]   The Court rejected the defendant's

arguments, concluding there was no federal jurisdiction and that it would not exercise

---

[2] To their credit, the defendants in *Ly* conceded that the complaint there alleged solely
state law claims. *Ly, supra* at *2.

1  supplemental jurisdiction over the state-law claims.

2      Here, Plaintiffs' state-law claims are virtually identical to those in the Second

3  Amended Complaint in *Ly*.   As in *Ly*, Plaintiffs have pleaded *only* state-law claims and

4  federal jurisdiction simply does not exist, notwithstanding Defendant's creative

5  arguments to the contrary.   Plaintiffs' Complaint does not belong in federal court.

6      **C.     Plaintiffs' Contract-Based Claims Likewise Should Be Remanded.**

7      All of the foregoing arguments for remand of Plaintiffs' fraudulent omission and

8  UCL claims apply with equal force to Plaintiffs' claims for breach of contract and

9  tortious breach of the duty of good faith and fair dealing.   Plaintiffs address these claims

10  separately only to discuss Defendant's misapplication of the unpublished decision in

11  *Rose v. SLM Fin. Corp.*, 2007 U.S. Dist. LEXIS 14646 (W.D.N.C. Feb. 28, 2007).   *See*

12  Notice of Removal ¶¶16-17.   In *Rose*, the North Carolina district court allowed removal

13  of a borrower's claim alleging breach of contract based on a violation of provisions in a

14  Truth In Lending Act disclosure and the "good faith estimate" required to be provided by

15  the federal Real Estate Settlement Procedures Act ("RESPA").   2007 U.S. Dist. LEXIS

16  14646 at *10.   The *Rose* court allowed removal based on the complaint's presentation of

17  the federal law question of whether the TILA disclosure or the RESPA good faith

18  estimate constituted a binding contract.   *Id*.   In allowing removal based on this issue, the

19  court emphasized that this did not threaten to upset the balance of federal and state court

20  jurisdiction because it was "unaware of any significant number of cases in this or any

21  other jurisdiction in which parties argue that federally mandated disclsoures themselves

22  form a contract."   *Id*. at *13.   Thus, beyond not being precedent, *Rose* is plainly

23  distinguishable.

24      Unlike in *Rose*, there is no claim here that federally-mandated disclosures form a

25  contract.   Rather, Plaintiffs' contractual claims are based on Defendant's violations of

26  the terms of the Option ARM loan note itself.   *See*, *e.g.*, Complaint ¶79 ("Plaintiffs and

27  Class Members entered into a written home loan agreement – *the contract or Note* – with

28  Defendants which describe terms and respective obligations applicable to the parties

1   herein.") (emphasis added); ¶80 ("As such, the Notes and the prepayment penalty riders
2   to the Notes are contracts of adhesion."); ¶81 ("As alleged herein, the Notes expressly
3   state and/or imply that those payments would be applied to pay both principal and interest
4   on the loan.").

5       Thus, regardless whether the *Rose* court's "federal question" analysis was correct
6   based on the allegations before it, *this* case does not present the alleged federal law
7   question identified in *Rose* of whether or not the *federally-mandated* disclosures create a
8   binding contract.  Instead, Plaintiffs assert state-law breach of contract claims based on
9   their independent allegations that Defendant breached its own contractual agreements in
10  the loan note.  Accordingly, there is no federal question jurisdiction over these claims and
11  they too should be remanded.

12

13  **IV.    CONCLUSION**

14      For all of the foregoing reasons, Plaintiffs respectfully request that their Motion to
15  Remand be granted.

16

17  DATED: August 31, 2009              **SPIRO MOSS LLP**
                                        **ARBOGAST & BERNS LLP**
18

19                                 By: _____/s/   *J. Mark Moore*_____
20                                      J. Mark Moore
                                        Ira Spiro
21                                      of SPIRO MOSS LLP

22                                      David M. Arbogast
                                        Jeffrey K. Berns
23                                      of ARBOGAST & BERNS LLP

24                                      Attorneys for Plaintiffs and all others
                                        Similarly Situated
25

26

27

28