1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   ROBERT S. BEALL, Cal. Bar No. 132016
3  rbeall@sheppardmullin.com
   JONATHAN P. HERSEY, Cal. Bar No. 189240
4  jhersey@sheppardmullin.com
   ISAIAH Z. WEEDN, Cal. Bar No. 229111
5  iweedn@sheppardmullin.com
   MICHAEL A. WALLIN, Cal. Bar No. 240344
6  mwallin@sheppardmullin.com
   650 Town Center Drive, 4th Floor
7  Costa Mesa, California  92626-1993
   Telephone:  714-513-5100
8  Facsimile:  714-513-5130

9  Attorneys for Defendant
   HOME LOAN CENTER, INC., d/b/a
10 LENDINGTREE LOANS, a California
   Corporation

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15 CLARENCE E. BOSCHMA,                Case No. SA CV09-00914 AHS (RNBx)
   SHIRLEY C. BOSCHMA, and
16 SHARON ROBISON on behalf of
   themselves and others similarly     **DEFENDANT'S OPPOSITION TO**
17 situated,                           **PLAINTIFFS' MOTION TO**
                                       **REMAND TO STATE COURT**
18              Plaintiffs,

19        v.                           Date:       September 28, 2009
                                       Time:       9:00 a.m.
20 HOME LOAN CENTER, INC., d/b/a       Judge:      Hon. Alicemarie H. Stotler
   LENDINGTREE LOANS, a                Courtroom:  10A
21 California Corporation; and DOES 1
   through 200, inclusive,
22              Defendant.

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................1

II. THE COMPLAINT CONTAINS THE SAME CLAIMS AS THE
PREVIOUS FEDERAL ACTION .................................................................2

III. PLAINTIFFS' CLAIMS ARISE UNDER FEDERAL LAW..........................6

    A. Plaintiffs Cannot Avoid Federal Jurisdiction Through Artful
    Pleading..........................................................................................6

    B. The Fraud And UCL Claims Are Preempted By The TILA ...............10

    C. Analysis Of HLC's Loan Disclosures Under The TILA Is A
    Necessary Component Of Plaintiffs' Fraud And UCL Claims. ..........12

IV. THE COURT SHOULD EXERCISE SUPPLEMENTAL
JURISDICTION OVER THE TAG-ALONG CONTRACT CLAIMS..........14

V. CONCLUSION .................................................................................16

1

## TABLE OF AUTHORITIES

2

**FEDERAL CASES**

3

Alcarmen v. Citibank N.A., et al.,
    2009 U.S. Dist. LEXIS 4250 (N.D. Cal. May 13, 2009) ...................................... 9

4

American Bankers Association v. Lockyer,
5    239 F. Supp. 2d 1000 (E.D. Cal. 2002) ............................................................... 14

6

Brennan v. Southwest Airlines Co.,
    134 F.3d 1405 (9th Cir. 1998)........................................................................... 7, 11

7

California ex rel. Lockyer v. Dynegy, Inc.,
8    375 F.3d 831 (9th Cir. 2004) ..................................................................................

9

Clark v. Troy & Nichols, Inc.,
    864 F.2d 1261 (5th Cir. 1989) ............................................................................... 12

10

Deakins v. Monaghan,
11    484 U.S. 193 (1988) ............................................................................................... 14

12

Easton v. Crossland Mortgage Corp.,
    114 F.3d 979 (9th Cir. 1997)..................................................................................... 7

13

Empire Healthchoice Assurance, Inc. v. McVeigh,
14    547 U.S. 677 (2006) ................................................................................................. 9

15

Evans v. Chase Manhattan Bank USA, N.A.,
    2006 WL 213740, at *6 (N.D. Cal., Jan. 27, 2006) ............................................. 13

16

Ford Motor Credit Co. v. Milhollin,
17    444 U.S. 555 (1980) ............................................................................................... 11

18

Franchise Tax Board v. Construction Laborers Vacation Trust,
    463 U.S. 1 (1983) ..................................................................................................... 7

19

Gandy v. The Peoples Bank and Trust Co.,
20    224 B.R. 340 (S.D. Miss. 1998) ............................................................................ 10

21

Grable & Sons Metal Products, Inc. Darue Engineering & Mfg.,
    545 U.S. 308 (2005) .............................................................................................. 7, 9

22

Hauk v. JP Morgan Chase Bank USA,
23    552 F.3d 1114 (9th Cir. 2009)........................................................... 11, 12, 13, 14

24

In re Late Fee and Over-Limit Fee Litigation,
    2007 U.S. Dist. LEXIS 86408 .............................................................................. 13

25

Ly v. Gateway Business Bank,
26    2009 WL 1705815 (C.D. Cal. June 11, 2009)......................................................5, 6

27

Nava v. VirtualBank,
    2008 WL 2873406 (E.D. Cal. Jul. 16, 2008)......................................................... 11

28

OPPOSITION TO MOTION TO REMAND

Paolo RR Yard PCB Litig. v. Se. Penn. Transp. Auth.,
  35 F.3d 717 (3d Cir. 1994) ............................................................................ 5

Rivet v. Regions Bank of Louisiana,
  522 U.S. 470 (1998) .................................................................................. 6, 7

Rose v. Chase Bank USA,
  513 F.3d 1032 (9th Cir. 2008) ................................................................... 14

Silvas v. ETrade Mortg. Corp.,
  514 F.3d 1001 (9th Cir. 2008) ................................................................... 11

Stetler v. Greenpoint Mortgage Funding,
  2008 WL. 192405 (E.D. Cal., Jan. 23, 2008) ........................................... 13

**STATE CASES**

Byars v. SCME Mortgage Bankers, Inc.,
  109 Cal. App. 4th 1134 (2003) .................................................................. 13

**FEDERAL STATUTES**

12 C.F.R. § 226 ....................................................................................... 9, 12

15 U.S.C.  § 1610(a)(1) ............................................................................. 10

15 U.S.C. §§ 1631, 1640 ............................................................................. 9

15 U.S.C. § 1640 ....................................................................................... 11

28 U.S.C. § 1367(a) .............................................................................. 14, 15

15 U.S.C. §§1601-1667 .............................................................................. 12

28 U.S.C. section 1441 ............................................................................. 2, 6

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17208 ............................................................... 11

Cal. Code Civ. Proc. § 338(d) .................................................................. 11

# I.

## INTRODUCTION

Despite its seemingly early posture, the case has a more than two-year history before this Court.  Plaintiffs filed their original complaint against defendant Home Loan Center, Inc. ("HLC") in May 2007.  Before HLC was required to respond, Plaintiffs amended.  The crux of Plaintiffs' claims was for alleged violations of the Truth-in-Lending Act ("TILA"), namely that the federally-required loan documents did not adequately disclose Plaintiffs' interest rates and the possibility of negative amortization.  The Court granted HLC's motion to dismiss the First Amended Complaint because the claims were both time barred and disproved by the plain language of the loan documents, but allowed Plaintiffs leave to try again.

Plaintiffs filed a Second Amended Complaint, but faced with another motion to dismiss, voluntarily submitted a Third Amended Complaint.  That fourth attempt to state a claim fared no better.  The Court again dismissed the defective TILA and related state law claims, and again gave Plaintiffs leave to amend.

Plaintiffs filed their Fourth Amended Complaint on April 20, 2009.[1] This fifth iteration deleted the separate claims for alleged violation of the TILA, but continued to assert related claims for fraudulent omissions and unfair competition based on HLC's supposed failure to make proper disclosures in the Truth-In-Lending Disclosure Statements ("TILDS") and Notes.  According to Plaintiffs, jurisdiction was premised on the fact that the fraudulent omissions and unfair competition claims "arose under" federal law, and Plaintiffs continued to attach and incorporate the TILDS and other federally-mandated disclosures into the complaint.

---

[1] A true and correct copy of the Fourth Amended Complaint from the prior federal court litigation, <u>Boschma v. Home Loan Center, Inc.</u>, Case No. 8:07-CV-00613-AHS (RNBx), is attached as Exhibit 1 to HLC's Request for Judicial Notice filed concurrently with this Opposition.

See 4th Amend. Comp., ¶¶ 2, 36, & 75 and Exh. 1.  Ten days after HLC filed its motion to dismiss based on the Fourth Amended Complaint's continued failure to state a claim upon which relief may be granted, Plaintiffs abruptly dismissed the case and re-filed in the California Superior Court.

That is clearly forum shopping.  Plaintiffs believed that this Court had jurisdiction when they filed the Fourth Amended Complaint.  It was only after they saw HLC's motion to dismiss and the Court's rulings in other related cases that they sought to obtain a different result on the same defective claims from the state court. HLC brought the case back to this Court where it started, where it was litigated with several other related cases for two years, and where it should be resolved.

Plaintiffs cannot avoid federal jurisdiction by craftily omitting express references to the TILA from the complaint.  Plaintiffs' first and second causes of action for Fraudulent Omissions and Violation of California's Unfair Competition Law are nothing more than disguised claims for violation of the TILA.  Both causes of action are based upon HLC's alleged loan-related disclosures, which are expressly governed by the TILA.  Indeed, that is precisely what Plaintiffs alleged in the first *five* versions of their complaint before rerouting to state court.

Federal law controls lending disclosures.  State law claims involving the adequacy of the disclosures are preempted.  At a minimum, resolution of such state law claims require litigation of substantial federal questions in an area dominated by federal law.  As such, removal was proper pursuant to 28 U.S.C. section 1441, and the motion to remand should therefore by denied.

## II.

## THE COMPLAINT CONTAINS THE SAME CLAIMS
## AS THE PREVIOUS FEDERAL ACTION

In an obvious attempt to avoid federal jurisdiction, Plaintiffs crafted their state court complaint asserting inadequate and misleading loan disclosures while studiously avoiding all references to the federal regulatory scheme that

-2-

1  governs such disclosures – the TILA.  The fact that the TILA governs the form and

2  content of the loan disclosures is hammered home by Plaintiffs' repeated references

3  to alleged inadequacies with the federally-mandated Truth-In-Lending Disclosures

4  ("TILDS") HLC provided each of the Plaintiffs, and which are attached to the

5  complaint.

6          In the factual lead-up to the Complaint's claim-specific allegations,

7  Plaintiffs make a number of general allegations concerning the adequacy of HLC's

8  loan disclosures in general as well as some specific allegations regarding the

9  adequacy of the TILDS.  See e.g., Comp., p. 5-6:27-1 ("[T]he Loan Documents

10 presented to borrowers at the time of closing contained partially true statements but

11 failed to provide all of the true facts, and thus, [HLC's] Loan Documents were false

12 and/or misleading.").  However, the allegations specific to Plaintiffs' fraud and UCL

13 claims make it clear that the form and content of HLC's federally-mandated TILDS

14 are under attack.

15         The following excerpts from the Complaint are just a sampling of

16 Plaintiffs' allegations in support of their first cause of action for fraudulent

17 omissions that pertain to the supposedly inadequate or misleading disclosures in the

18 TILDS:

19     •   "[T]he Loan Documents fail to disclose the material fact that the

20         payment schedules *provided by HLC in the TILDS* could not possibly

21         cover the amount of interest due under any conceivable index rate plus

22         the margin after the first 30 days."  Comp., p. 12:3-5.

23     •   "By stating the low teaser rate and associated monthly payment in the

24         Note, *and stating the much higher interest rate in the TILDS*

25         *accompanied by a payment schedule based on the low teaser rate*,

26         HLC failed to disclose the actual interest costs that borrowers were

27         going to accrue on their loans."  Comp., p. 12:9-12 (emphasis added).

28

---

OPPOSITION TO MOTION TO REMAND

- "The Loan Documents of HLC were deceptive and misleading, in that the payments for up to the first five years of the loans **bear no relationship to the APR listed in the TILDS.**"  Comp., ¶ 46 (emphasis added).

- "The Loan Documents were misleading, omitted and concealed information, and were unlawful, in that the Notes and **TILDS did not disclose** that the liability that Plaintiffs and Class Members were incurring was substantially greater than the amount of their scheduled payments."  Comp., p. 13:16-19 (emphasis added).

- "**HLC failed to clearly and conspicuously explain in the Note or TILDS** that the low rate…was offered only for the first thirty (30) days of the loan."  Comp., p. 14:16-19 (emphasis added).

- "HLC also concealed and failed to disclose to Plaintiffs and Class Members that **the APR listed in the TILDS as not the APR used to determine the first five years of payments listed in the very same TILDS**…"  Comp., p. 14:20-22 (emphasis added).

Plaintiffs then incorporate by reference all the foregoing allegations from the first cause of action into their second cause of action for violation of the UCL.  Comp., ¶ 59.  Indeed, though Plaintiffs allude to "numerous laws and/or regulations – *federal* and/or state" that apparently support the unlawful prong of their UCL claim, the only specific statutes allegedly violated by HLC are "California Civil Code §§ 1572 (Actual Fraud – Omissions), 1573 (Constructive Fraud by Omission), and 1710 (Deceit)…."  Comp., p. 17:9-12 (emphasis added).

A review of the Fourth Amended Complaint in the previous federal action further illustrates that Plaintiffs' fraud and UCL claims are nothing more than claims for TILA violations cloaked in state law.  The core fraud allegations in the prior Fourth Amended Complaint and the current Complaint are essentially the

1    same.  The primary difference is that the Fourth Amended Complaint contains

2    extensive allegations concerning HLC's loan disclosure obligations under TILA and

3    its failure to satisfy such obligations.  See 4th Amend. Comp., ¶¶ 36-38, 41, 43-46,

4    48-51, and 56.  These allegations have, of course, been stripped from the Complaint

5    in an attempt to avoid federal jurisdiction.  Similarly, the unlawful prong of the UCL

6    claim alleged in the Fourth Amended Complaint explicitly alleges violations of the

7    TILA as well as the Federal Trade Commission Act.  4th Amend. Comp., ¶ 75.

8    Again, these allegations have been removed from the current Complaint.

9            In spite of Plaintiffs' attempt to cleanse the Complaint of all references

10   to the TILA, the core allegations supporting their fraud and UCL claims are clearly

11   based on purported non-disclosures and/or misleading disclosures that are clearly

12   governed by the TILA.  As further detailed below, Plaintiffs cannot avoid federal

13   jurisdiction through such artful pleading.

14           By dismissing the previous federal action and re-filing identical claims

15   in state court, Plaintiffs left little doubt about their intended forum shopping.

16   Curiously, Plaintiffs cite to this Court's decision in Ly v. Gateway Business Bank,

17   2009 WL 1705815 (C.D. Cal. June 11, 2009), as an example of a case that was

18   remanded despite an allegation of forum shopping.  Motion, p. 8-9:14-1.  But Ly

19   provides no support for Plaintiffs' detour to state court.  In that case, the Court—

20   acknowledging the decision to retain supplemental jurisdiction where forum

21   shopping was evident in Paolo RR Yard PCB Litig. v. Se. Penn. Transp. Auth., 35

22   F.3d 717 (3d Cir. 1994)—agreed that courts may consider forum shopping by the

23   plaintiff as a factor in deciding to retain supplemental jurisdiction.  Ly, 2009 WL

24   1705815 at *1-2.

25           Furthermore, the forum shopping in Ly was far less obvious than in this

26   case.  In Ly, the plaintiff filed a Second Amended Complaint with leave of the

27   Court, dropping a claim for TILA violations and leaving various state law claims.

28   Id. at *1.  The Court then issued an Order to Show Cause Why the Action Should

1  Not Be Dismissed without Prejudice for Lack of Jurisdiction citing the absence of

2  any federal question and ultimately dismissed the matter on the grounds enumerated

3  in the OSC.  Id. at *1-2.  In contrast, in the prior federal action, this Court never

4  made any move to issue an OSC after Plaintiffs submitted their Fourth Amended

5  Complaint dropping the TILA claims.  Instead, in the face of HLC's Motion to

6  Dismiss Plaintiffs' Fourth Amended Complaint, Plaintiffs decided, of their own

7  volition, to voluntarily dismiss their claims without prejudice and re-file them in

8  California Superior Court.  Unlike Ly, where this Court could not definitively "say

9  whether plaintiff is forum shopping" (Id. at *2), the forum shopping in this case is

10  conceded and should not be rewarded.

### III.

### PLAINTIFFS' CLAIMS ARISE UNDER FEDERAL LAW

13        HLC has properly removed this action to federal court.  Under 28

14  U.S.C. section 1441, federal question jurisdiction exists because Plaintiffs' fraud

15  and UCL claims arise "under the . . . laws of the United States."  These causes of

16  action are nothing more than artfully disguised claims of TILA violations, pled in a

17  manner designed to try to avoid federal jurisdiction and facilitate Plaintiffs' naked

18  attempt at forum shopping.  A remand order would only encourage such

19  gamesmanship.  Accordingly, the motion to remand should be denied and the Court

20  retain jurisdiction.

A.    **Plaintiffs Cannot Avoid Federal Jurisdiction Through Artful Pleading**

22        Removal of a state court action under 28 U.S.C. section 1441 is

23  available where a plaintiff's cause of action arises under federal law and thus falls

24  within the district court's "federal question" jurisdiction.  In scrutinizing a complaint

25  in search of a federal question, the federal court applies the "well-pleaded complaint

26  rule" (i.e., for removal to be appropriate, a federal question must appear on the face

27  of a properly pleaded complaint).  Rivet v. Regions Bank of Louisiana, 522 U.S.

28  470, 475 (1998).

The Supreme Court has stated that an action "arises under" federal law so as to confer federal question jurisdiction when the plaintiff's right to relief necessarily depends on resolution of a question of federal law. <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983). A state law claim may be treated as "arising under" federal law "where the vindication of a right under state law necessarily turn(s) on some construction of federal law." <u>Id</u>. at 9. Indeed, the Supreme Court has "recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues." <u>Grable & Sons Metal Products, Inc. Darue Engineering & Mfg.</u>, 545 U.S. 308, 312 (2005). This "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues[.]" <u>Id</u>.; <u>and</u> <u>see</u> <u>California ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 841. (9th Cir. 2004) (***federal question removal jurisdiction is proper where state lawsuit turns upon defendant's compliance with a federal regulation***).

Thus, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." <u>Franchise Tax Board</u>, 463 U.S. at 22. The Ninth Circuit noted that this "artful pleading exists where a plaintiff articulates an inherently federal claim in state-law terms." <u>Brennan v. Southwest Airlines Co.</u>, 134 F.3d 1405, 1409 (9th Cir. 1998). "A traditional example of the artful pleading doctrine is one in which the HLC has a federal preemption defense to a state claim and federal law provides a remedy." <u>Id</u>. (<u>quoting</u> <u>Sullivan v. First Affiliated Sec., Inc.</u>, 813 F.2d 1368, 1372 (9th Cir. 1987)). Accordingly, even if Plaintiffs' suit is couched in terms of state law, but requires resolution of a substantial issue of federal law, removal is proper. When the claim involved is one arising under federal law, the federal court will "recharacterize" it accordingly to uphold removal. <u>Rivet</u>, 522 U.S. at 475; <u>Easton v. Crossland Mortgage Corp.</u>, 114 F.3d 979, 982 (9th Cir. 1997).

OPPOSITION TO MOTION TO REMAND

Plaintiffs' claims are nothing more than an attempt to circumvent federal jurisdiction by artfully pleading state law causes of action rather than the true federal causes of action at issue: alleged TILA violations.  Plaintiffs' four causes of action—the same causes of action that were previously included in the Third and Fourth Amended Complaints in the prior federal action—all boil down to the assertion that HLC failed to adequately disclose information regarding the loans in a clear and conspicuous manner as required by law.  See Comp., ¶¶ 14-26.  Indeed, Plaintiffs state in the first paragraph of their Complaint that they "bring this action against [HLC] based upon [HLC's] non-disclosure and fraudulent concealment of material information relating to [HLC's] Option Adjustable Rate Mortgage ("Option ARM") loan documents and the accompanying required disclosure statements...."  Complaint, ¶ 1.  Plaintiffs' describe the information purportedly withheld from them as the "Material Omissions."  Id.  In particular, Plaintiffs allege the following:

1.    Inadequate Disclosure Of Interest Rates In The TILDS: Plaintiffs allege that HLC advertised an initial interest rate or "teaser" interest rate that was typically between 1% and 3%.  See Comp., ¶¶ 14, 15, 18-20, and 26.  Plaintiffs further allege that HLC failed to disclose that the teaser rate only applied for the first 30 days of the loan.  Id. at ¶ 52.  In addition, Plaintiffs allege that HLC's disclosure of a composite APR in the TILDS did not adequately inform Plaintiffs of "the actual interest costs that borrowers were going to accrue on their loans."  Comp., ¶ 42.

2.    Inadequate Disclosure Of Negative Amortization/Payment Schedules In The TILDS:  Plaintiffs allege that "the most that Defendants' loan documents said about negative amortization was that it 'may' occur," which was allegedly misleading because negative amortization "was guaranteed to occur after only one month."  Comp, ¶ 25; and see Comp., ¶¶ 15-17, 21, 22 & 24.  Plaintiffs allege that HLC failed to properly disclose and/or explain the effect of the payment caps included in the loans, which prevented the loan payments from rising above a

OPPOSITION TO MOTION TO REMAND

1    certain amount on a yearly basis and contributed to negative amortization.  Comp.,

2    ¶ 24.  In addition, Plaintiffs complain that the payment schedule identified in the

3    TILDS was not based on the APR listed in the TILDS, but rather "a fully amortizing

4    payment at the 'teaser' interest rate."  Comp., ¶ 14 and 53.

5            TILA addresses all of these disclosure issues and provides its own

6    specific federal remedy where disclosure violations are found.  See 15 U.S.C. §§

7    1631, 1640; 12 C.F.R. § 226.

8            The situation is not unlike the one in Grable where the plaintiff's quiet

9    title action turned on whether the IRS had provided sufficient notice before seizing

10   plaintiff's property.  Grable, 545 U.S. at 311.  The U.S. Supreme Court upheld

11   federal jurisdiction over the matter.  Id. at 320.  The Court reasoned that federal

12   jurisdiction was appropriate because if the IRS's notice was deemed to be adequate,

13   the plaintiff's quiet title action would necessarily fail.  Id. at 314-315.  Likewise in

14   this case, if HLC's loan disclosures are deemed to be in full compliance with TILA,

15   Plaintiffs' fraud and UCL claims will necessarily fail.  This is true regardless of

16   whether Plaintiffs (a) actually mention TILA in the Complaint; or (b) purport to

17   base their claims on state law.  Under these circumstances, the Court should retain

18   jurisdiction.

19           Moreover, it is quite clear that this case involves a "substantial federal

20   question," further justifying federal jurisdiction.  In Empire Healthchoice Assurance,

21   Inc. v. McVeigh, 547 U.S. 677 (2006) the U.S. Supreme Court concluded that a

22   substantial federal question is at issue if resolution of the federal question would be

23   "both dispositive of the case and would be controlling in numerous other cases."  Id.

24   at 700 (citing Grable, 545 U.S. at 313.); and see Alcarmen v. Citibank N.A., et al.,

25   2009 U.S. Dist. LEXIS 4250, *8 (N.D. Cal. May 13, 2009).  The federal question in

26   this case satisfies both criteria.  HLC's compliance with the TILA's disclosure

27   requirements is ultimately dispositive of Plaintiffs' fraud and UCL claims.

28   Moreover, the federal courts are awash in loan disclosure cases where plaintiffs

OPPOSITION TO MOTION TO REMAND

1    have taken to alleging state law claims in an attempt to make an end run around

2    TILA's statute of limitations and disclosure requirements.  Accordingly, an

3    additional decision from this Court regarding the effect of a defendant's TILA

4    compliance on the plaintiffs' various claims founded on purportedly defective loan

5    disclosures would certainly be controlling in numerous similar cases.

6              No published cases in this jurisdiction have expressly addressed

7    removal for loan-related disclosure violations when a complaint attempts to disguise

8    TILA claims as state law causes of action.  However, in 1998, a district court in the

9    Southern District of Mississippi held that an action alleging state law causes of

10   action that were really disguised TILA violations was removable pursuant to section

11   1441(b) "because the district court has original jurisdiction over these matters."

12   Gandy v. The Peoples Bank and Trust Co., 224 B.R. 340, 344 (S.D. Miss. 1998).  In

13   Gandy, the court denied plaintiff's motion to remand her complaint, which

14   contained only state law claims for breach of fiduciary duties and breach of the duty

15   of good faith and fair dealing.  Id. at 343.  The court invoked the "artful pleading"

16   doctrine and held that because the court "must necessarily construe the TILA" to

17   resolve the complaint, removal was proper.  Id. at 344.  The court noted that

18   although plaintiff omitted any specific reference to TILA in her complaint, it did not

19   change the fact that "her claims, as stated above, are essentially based upon alleged

20   violations of the TILA. . . The plaintiff cannot circumvent federal jurisdiction by the

21   use of artful pleading. . . ."  Id. at 345.  Here, Plaintiffs similarly attempts the same

22   "artful pleading" that the plaintiff in Gandy attempted through her state fraud

23   claims.  Because Plaintiffs cannot avoid federal question jurisdiction in this matter,

24   HLC's removal was proper.

25   **B.**    **The Fraud And UCL Claims Are Preempted By The TILA**

26              As discussed at length in HLC's pending Motion to Dismiss, Plaintiffs'

27   fraud and UCL causes of action are in fact preempted by the TILA.  Any state law

28   or other requirement that is inconsistent with the TILA is preempted.  See 15 U.S.C.

§ 1610(a)(1); <u>Silvas v. E*Trade Mortg. Corp.</u>, 514 F.3d 1001, 1007 n. 3 (9th Cir. 2008).  Plaintiffs' state law claims are clearly preempted as inconsistent with the TILA since they would increase the limitations period (from one year for the TILA violations to three years for fraud under California law (Cal. Code Civ. Proc. § 338(d) and four years for UCL claims (Cal. Bus. & Prof. Code § 17208)) and increase the available types of relief (*e.g.*, from actual and statutory damages, the latter capped at $500,000 in a class action (15 U.S.C. § 1640), to an uncapped amount of restitution and injunctive relief under California law).

Moreover, the TILA contains a host of specific disclosure requirements, setting forth what disclosures are required in what documents and what disclosures are not.  Any attempt to use state law, either statutory or common, to require a lender to provide additional disclosures inconsistent with the TILA's closely-written disclosure scheme is improper.  <u>See</u> <u>Ford Motor Credit Co. v. Milhollin</u>, 444 U.S. 555, 568 (1980); <u>Nava v. VirtualBank</u>, No. 08-CV-00069-FCD-KJM, 2008 WL 2873406, at *8 (E.D. Cal. Jul. 16, 2008) (dismissing a fraudulent omissions claim as preempted by TILA); <u>see also</u> <u>Hauk v. JP Morgan Chase Bank USA</u>, 552 F.3d 1114 (9th Cir. 2009) (rejecting an attempt to use state law to require a lender to provide disclosures inconsistent with TILA's closely-written scheme as improper).  Plaintiffs' attempt to use state laws to require disclosures in addition to or different from those required under TILA thus implicates federal question jurisdiction as to preemption.

Consistent with the Ninth Circuit's observations in <u>Brennan</u>, Plaintiffs' Complaint represents a classic case of "artful pleading" where "defendant has a federal preemption defense to a state claim and federal law provides a remedy." <u>Brennan</u>, 134 F.3d at 1409.  Under these circumstances, federal question jurisdiction is clearly applicable.

OPPOSITION TO MOTION TO REMAND

**C.**      **Analysis Of HLC's Loan Disclosures Under The TILA Is A Necessary**
            **Component Of Plaintiffs' Fraud And UCL Claims.**

Even if Plaintiff's fraud and UCL claims are not preempted, HLC's compliance with TILA's disclosure requirements provides an absolute bar to those claims, and require resolution of an important and necessary federal question.

In Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114 (9th Cir. Jan. 23, 2009), the Ninth Circuit held that the defendant's compliance with the TILA (15 U.S.C. §§1601-1667) and Reg. Z (12 C.F.R. Part 226) defeated the plaintiffs' claims that HLC provided improper or misleading disclosures. The court held that a lender's "compliance with TILA's disclosure requirements provides a safe harbor with respect to [a plaintiff's] UCL claims based only on the sufficiency of [the lender's] disclosures." Id. at 1122.   The Hauk court also held that even "a creditor's undisclosed intent to act inconsistent with its [TILA] disclosures is irrelevant in determining the sufficiency of those disclosures." Id.   The Hauk court concluded:

> [TILA] does not provide a cause of action when a lender engages in 'bait and switch' techniques.… The disclosures made by [defendant] were accurate with respect to the offered terms. The fact that [defendant] may not have intended to loan money under the stated terms does not make their disclosures with respect to the stated terms inaccurate.

Id. at 1121-1122 (quoting Clark v. Troy & Nichols, Inc., 864 F.2d 1261, 1264) (5th Cir. 1989).

This Court recently adopted reasoning identical to Hauk in Carroll v. Homecomings Financial, LLC (Case No. CV 07-3775-AHS (FMOx)). In Carroll, the plaintiffs made allegations similar to the alleged "Material Omissions" in this case. However, as in this case, Homecomings' motion to dismiss demonstrated that they had actually complied with the TILA disclosure regulations related to the purported omissions and argued that, as a result, the plaintiffs could not maintain

-12-

OPPOSITION TO MOTION TO REMAND

1   their UCL and fraudulent omissions claims.  In its Order[2], the Court "[a]dopted

2   defendants' argument" and succinctly concluded that "no TILA claim, no 17200."

3   Ex. 3, p. 3.  With respect to the fraudulent omissions claim, the Court left no doubt

4   as to the futility of the cause of action: "Plaintiffs' fraudulent omissions claim is

5   predicated wholly on its TILA claim.  ***Because HLC made all required TILA***

6   ***disclosures, this claim fails***."  Ex. 3, p. 4 (emphasis added); see also Stetler v.

7   Greenpoint Mortgage Funding, No. 07-123-DLB, 2008 WL 192405, at *7 (E.D.

8   Cal., Jan. 23, 2008) (holding that a non-disclosure claim for fraud cannot lie when

9   the plaintiff "read and signed the ["Loan Program Disclosure"] that disclosed the

10  issues that he now complains of."); In re Late Fee and Over-Limit Fee Litigation,

11  No. C 07-0634 SAB, 2007 U.S. Dist. LEXIS 86408, at *34 (dismissing UCL claim

12  where HLC acted "consistently with all existing legal interpretations" of applicable

13  statute and "with the express disclosures of their contracts"); Evans v. Chase

14  Manhattan Bank USA, N.A., No. C-05-3968 SC, 2006 WL 213740, at *6 (N.D.

15  Cal., Jan. 27, 2006) (concluding that where defendant was "acting under the fully-

16  disclosed terms of the contract, its actions cannot plausibly be labeled a deception");

17  Byars v. SCME Mortgage Bankers, Inc., 109 Cal. App. 4th 1134, 1147 (2003) ("A

18  business practice that might otherwise be considered unfair or deceptive cannot be

19  the basis of a [UCL] cause of action if the conduct has been deemed lawful.").

20          As in Hauk and Carroll, and as detailed at length in HLC's Motion to

21  Dismiss, HLC complied with the operative TILA disclosure requirements.

22  Plaintiffs' "Material Omissions" are refuted by the plain and conspicuous language

23  of the Notes and Disclosures attached to the Complaint.  Accordingly, Plaintiffs'

24  fraud and UCL claims are barred – completely and absolutely.

25          Given the significant federal control over lending disclosures, and the

26  _____

27  [2]   A true and correct copy of the Court's March 23, 2009 order granting
    Homecomings' motion to dismiss and the incorporated tentative ruling is
28  attached to the accompanying Request for Judicial Notice as Exhibit 3.

1  undeniable federal interest in ensuring truth in credit and lending to consumers,

2  Plaintiff's case is precisely the type in which a federal court should respect its

3  "virtually unflagging obligation to exercise [its] jurisdiction." <u>Deakins v. Monaghan</u>,

4  484 U.S. 193, 203 (1988).  Loan disclosure cases are properly brought in federal

5  court.  <u>See, e.g.</u>, <u>Rose v. Chase Bank USA</u>, 513 F.3d 1032, 1035 (9th Cir. 2008)

6  (plaintiffs' claims stating a failure to make lending disclosures and deceptive

7  lending practices were removed to federal court); <u>American Bankers Association v.</u>

8  <u>Lockyer</u>, 239 F.Supp.2d 1000, (E.D. Cal. 2002) (finding statutes requiring credit

9  card issuers to give warnings and disclosures preempted by federal law); <u>Hauk</u>, 552

10  F.3d at 1120 (noting that inaccurate disclosures to borrowers are a violation of

11  federal law).  The issues and interests raised by Plaintiffs are those directly

12  addressed by the TILA and the federal government's interests, and it is appropriate

13  for this Court to decide them.

**IV.**

**THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION**
**OVER THE TAG-ALONG CONTRACT CLAIMS.**

17            Pursuant to 28 U.S.C. section 1367(a), the Court may exercise

18  supplemental jurisdiction "over all other claims that are so related to claims within

19  such original jurisdiction that they form part of the same case or controversy." 28

20  U.S.C. § 1367(a).  That is the precisely what should happen with Plaintiffs' third

21  and fourth causes of action for breach of contract and breach of the implied

22  covenant of good faith and fair dealing.  The Court can and should exercise

23  supplemental jurisdiction over these related, tag-along claims.

24            The breach of contract and implied covenant claims challenge HLC's

25  fulfillment of Plaintiffs' loans, ***namely the specific terms set forth in the TILDS***

26  ***and the NOTES***.  Comp., ¶¶ 81 and 88.  These causes of action are so related to the

27  fraudulent omissions and UCL claims as to which there is federal question

28  jurisdiction that they form part of the same cause or controversy permitting the

OPPOSITION TO MOTION TO REMAND

1  Court to exercise supplemental jurisdiction over them.  There is no reason to remand

2  these two associated causes of action to the state court.

3  There is a significant interest and benefit to having all of the issues in

4  this case adjudicated in a single forum.  Splitting the contract causes of action from

5  the other claims would not only force needless and duplicative litigation, it would

6  risk inconsistent results.  In addition, this Court retaining jurisdiction over the entire

7  case will not disrupt any balance between federal and state judicial responsibilities

8  over related disputes.  The contract claims do not raise novel or complex issues of

9  state law, and do not substantially predominate over the federal claims. See 28

10  U.S.C. § 1367(c).  This case, along with numerous other cases involving the same

11  claims against different lenders, have been being litigated in the federal courts

12  throughout California for years.  Many of those cases involve the same Plaintiffs'

13  counsel.

14  Indeed, just months before abruptly dismissing this case and re-filing it

15  in the state court, Plaintiffs' counsel argued *in favor* of the Court's continued

16  exercise of supplemental jurisdiction over the contract claims:

17

18  THE COURT:    Last question in this case in particular
   that we're talking about --. . . this case appears to be
19  federal question-based only.  And so I'm thinking out loud
   with you as to what should be the correct answer for the
20  unfair competition; maybe not this case, but other cases
   have false advertising; or whether there's reason for the
21  federal courts to bow out and just deal with the federal
   question; and if that's not successful, to not deal with the
22  state law claims.  [¶ ]  What's your thinking?

23  . . . .

24  MR. ARBOGAST:    And -- and -- right.  But -- I
   apologize -- but under the pendent jurisdiction, the Court
25  in the Ninth Circuit has ruled on many of the issues with
   regards to the State law causes of action.  So --

26  THE COURT:    Oh, I -- believe me, I know.

27  MR. ARBOGAST:    Yeah.

28

-15-                                    OPPOSITION TO MOTION TO REMAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE COURT:     The Sullivan v. Oracle case that the Ninth Circuit has asked the California Supreme Court to look at in terms of answering under related questions comes from the Central District, so --

MR. ARBOGAST:         Right.

THE COURT:     -- I'm aware of that tendency.  And I take it, but I'm not sure you're expressly saying this, that the plaintiffs think the Court should proceed to exercise supplemental jurisdiction?

MR. ARBOGAST:         Yes.

THE COURT:     Okay.  Thank you.

See Reporter's Transcript of Hearing, Carroll v. Homecomings Financial LLC, etc., et al. (Case No. CV 07-3775 AHS), Mar. 23, 2009, at 22:1-23:11 (attached as Ex. 2 to the Request for Judicial Notice).

## V.

## CONCLUSION

This case, like numerous other related cases, was litigated in this Court for years before Plaintiffs abruptly dismissed and re-filed in the state court to avoid a ruling on the pending motion to dismiss their Fourth Amended Complaint.  The state court complaint that HLC removed back to this Court contains the exact same causes of action and factual allegations as before.  Plaintiffs' "artful" avoidance of references to the Truth-in-Lending Act in the state complaint cannot mask the fact that the claims for fraudulent omission and unfair competition are preempted by and inextricably intertwined with unavoidable questions of federal law.  HLC respectfully requests that the Court deny the motion to remand, and as Plaintiffs' counsel has urged, continue to exercise supplemental jurisdiction over the related, tag-along contact claims.

1     September 14, 2009           SHEPPARD MULLIN RICHTER & HAMPTON LLP

2

3                       By            */s/  Jonathan P. Hersey*

4                                JONATHAN P. HERSEY

5                               Attorneys for Defendant
                          HOME LOAN CENTER, INC., d/b/a

6                      LENDINGTREE LOANS, a California Corporation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        OPPOSITION TO MOTION TO REMAND