**SPIRO MOSS LLP**
J. Mark Moore (SBN 180473)
mark@spiromoss.com
Ira Spiro (SBN 67641)
ira@spiromoss.com
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Phone:  (310) 235-2468
Fax:      (310) 235-2456

**ARBOGAST & BERNS LLP**
David M. Arbogast (SBN 167571)
darbogast@law111.com
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
6303 Owensmouth Ave., 10th Floor
Woodland Hills, CA 91367-2263
Phone: (818) 961-2000
Fax:      (818) 936-0232

Attorneys for Plaintiffs and all others Similarly Situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE E. BOSCHMA and SHIRLEY C. BOSCHMA, individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>HOME LOAN CENTER, INC. d/b/a LENDINGTREE LOANS, a California Corporation; and DOES 1 through 100 inclusive,<br><br>      Defendants. | CASE NO.  8:09-cv-00914-AHS-RNB<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO STATE COURT**<br><br>Hearing Date: September 28, 2009<br>Time:    9:00, a.m.<br>Place:    Courtroom 10-A<br>Judge:   Hon. Alicemarie H. Stotler<br><br><br>Complaint filed: June 19, 2009<br>Removal filed:  August 7, 2009 |

# REPLY MEMORANDUM

## I.     INTRODUCTION

The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists *only* when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added).   Here, no federal question has been presented by Plaintiffs' complaint.  Plaintiffs exercised their well-established right to preserve and assert only state-law claims in state court. Plaintiffs' claims arise solely under California common law of fraud and contracts, and under California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq.* In light of the foregoing, the Supreme Court has held for at least a century that the removal statute "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. at 392 (citing *Merrell Dow Pharm's, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986); *Great North R. Co. v. Alexander*, 246 U.S. 276, 282 (1918); *The Fair v. Kohler Dye & Specialty Co.*, 228 U.S. 22, 25 (1913)).

Defendant nevertheless contends that these claims are removable based primarily on the federal Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, arguing that these state-law claims somehow both rely on and are preempted by TILA.  Neither argument has merit.  First, Plaintiffs' California statutory and common law fraud and contract claims exclusively rely on state-law standards that exist independently of TILA and any other federal law. *See*, *e.g.*, Class Action Complaint ¶54 (setting forth state-law "materiality" standard for fraudulent omission), ¶67 (setting forth state-law grounds for claim that Defendant engaged in "unlawful" acts under UCL).  Second, there is nothing in TILA that *requires* Plaintiffs to assert predatory mortgage lending claims under federal law, and therefore there is no basis for asserting removal jurisdiction based on the doctrine of "complete preemption."  To the contrary, TILA contains a provision that expressly *preserves* the existence of state-law claims based on deceptive or deficient loan disclosures.  Accordingly, Defendant's principal arguments for removal resoundingly

1  fail.

2        Once these arguments fail, Defendant's two remaining arguments for removal

3  jurisdiction based on allegations of "forum shopping" and an assertion of supplemental

4  jurisdiction over Plaintiffs' breach of contract claims have no merit.  Indeed, this Court

5  has rejected the precise "forum shopping" argument for removal that Defendant makes

6  here, *see Ly v. Gateway Business Bank*, No. V 07-3772 AHS (FMOx), 2009 U.S. Dist.

7  LEXIS 56902 (C.D. Cal. June 11, 2009), and this Court cannot assert *supplemental*

8  jurisdiction over any of Plaintiffs' claims where, as here, there is no grounds for *original*

9  jurisdiction.  *See* 28 U.S.C. § 1367(a).  Since all of Defendant's arguments in support of

10  removal jurisdiction fail, the Motion to Remand should be granted.

11  **II.**  **ARGUMENT**

12        **A.**  **Plaintiffs' State-Law Claims Do Not Arise Under or Require**

13                **Interpretation of TILA.**

14        Defendant devotes much of its opposition to arguing that Plaintiffs *could have*

15  asserted TILA claims based on the mortgage loan omissions that Plaintiffs chose to

16  challenge under state law.  *See*, *e.g.*, Defendant's Brief at 9 ("TILA addresses all of these

17  disclosure issues and provides its own specific remedy where disclosure violations are

18  found.  *See* 15 U.S.C. §§ 1631, 1640; 12 C.F.R. § 226.).  But the mere fact that Plaintiffs

19  could have asserted federal-law claims does not mean either that they had to or that they

20  did.  This is the entire premise of the removal statute and its "well-pleaded complaint

21  rule," which "makes the plaintiff the master of the claim; he or she may avoid federal

22  jurisdiction by exclusive reliance on state law." *Caterpillar*, *supra*, 482 U.S. at 392.

23  Thus, the mere fact that Plaintiffs could have asserted claims under TILA does not and

24  cannot provide a basis for removal without completely rewriting the federal jurisdiction

25  statutes.

26        Perhaps recognizing the sweeping nature of its assertions, Defendant narrows its

27  sights some by arguing for removal jurisdiction under the Supreme Court's decision in

28  *Grable & Sons Metal Prod's, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314

2

Mem. P&A's I.S.O. Plts. Reply - Motion for Remand - 8:09-cv-00914-AHS-RNB

(2005).  *See* Defs' Brief at 9, 12-14.  In *Grable & Sons*, the Supreme Court recognized an application of the well-pleaded complaint rule where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Id.* at 314.  However, in subsequently addressing removal under *Grable & Sons*, the Supreme Court emphasized that it applies to a "special and small category" of cases.  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).  This special and small provision for removal has no application to this case for at least three separate and independent reasons previously addressed in Plaintiffs' remand papers (*see* Mem. of Points and Authorities in Support of Motion to Remand at 5-8), which will be briefly summarized below.

First, there is no "stated federal issue" in Plaintiffs' Complaint.  The Supreme Court in *Grable & Sons* found a stated federal issue to be presented where a plaintiff filed a quiet title action for property based on its claim that the defendant's "record title was invalid because the IRS had failed to notify Grable of its seizure of the property in the exact manner required by [26 U.S.C.] § 6335(a)."  *Grable & Sons*, 545 U.S. at 311.  Here, by contrast, Defendant does not and cannot point to a single federal statutory citation in Plaintiffs' complaint, whether under TILA or any other statute.  This is because, as Defendant must acknowledge, Plaintiffs neither asserted TILA nor any other federal law claims in going forward on their challenges to Defendant's deceptive and predatory mortgage lending practices.  For this reason alone, the Court should hold that the "special and small" removal *Grable & Sons* exception does not apply here.

Second, even if the Complaint did reference TILA or any other federal law, Plaintiffs' claims still would not be removable under *Grable & Sons* because Plaintiffs also assert numerous independent state-law grounds for the relief they seek.  *See*, *e.g.*, Class Action Complaint ¶67 (setting forth state-law grounds under Cal. Civ. Code §§ 1572, 1573, and 1710 for claim that Defendant engaged in "unlawful" acts under the UCL).  In *Grable & Sons*, the Supreme Court held that the stated federal issue must be

3

Mem. P&A's I.S.O. Plts. Reply - Motion for Remand - 8:09-cv-00914-AHS-RNB

"an essential element of [the] claim" to support removal.  545 U.S. at 315.  Here, there is no stated federal issue, and even if there were, it is anything but "essential" in light of the numerous state-law grounds asserted for Plaintiffs' claims, which potentially afford the class much more extensive remedies than any statutorily and time-limited TILA assertions.  *Cf. Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold*, 524 F.3d 1090, 1102 (9th Cir. 2008) ("Here, we cannot say that a court would need to resolve a disputed provision of the [Natural Gas Act, 15 U.S.C. §§ 717-171z] in order to resolve Williston's state law conversion or negligence claims . . ."); *Bolden v. KB Home*, 618 F. Supp. 2d 1196, 1207 (C.D. Cal. 2008) ("Even assuming that Plaintiff's reliance on the US-PAP is a federal issue, federal jurisdiction does not attach because Plaintiff's UCL claim is based on alternative state and federal theories.").[1]  Since neither of the two principal bases for removal recognized in *Grable & Sons* is present here, Defendant's invocation of this line of authority as a grounds for removal resoundingly fails.[2]

Finally, even if the predicate of a "stated federal issue" that is an "essential element" of the claim were present here (which it clearly is not), remand still would be

---

[1]  Defendant's citation to the Ninth Circuit's decision in *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114 (9th Cir. 2009), *see* Brief at 12, provides no support whatsoever for its removal argument. *Hauk* does not even address jurisdictional issues.  Nor did it need to, since the plaintiff there, unlike here, asserted claims under TILA itself.  *See*, 552 F.3d 1114 at *6-18 (addressing plaintiffs' TILA claims).  *Hauk*'s holding that "Chase's compliance with TILA's disclosure requirements provides a safe harbor with respect to Hauk's UCL claims" provides no support for defendant's jurisdiction argument because the Supreme Court has squarely held that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction."  *Merrell Dow, supra*, 478 U.S. at 808.

[2]  Nor does the Mississippi district court's decision in *Gandy v. The Peoples Bank and Trust Co.*, 224 B.R. 340 (S.D. Miss. 1998) that Defendant reaches for support removal here.  *See* Defs' Brief at 10.  First, in *Gandy*, the court found that the plaintiffs' assertion of claims *after filing for bankruptcy protection* brought her claims within federal jurisdiction under 28 U.S.C. §§ 1334 and 1452(a).  224 B.R. at 342.  Second, in discussing removal based on TILA, the district court gave no explanation whatsoever of the state laws under which the plaintiff was suing, relying instead on the blanket assertion that, "to vindicate plaintiff's state law claims, this court must necessarily construe TILA."  *Id.* at 344. Here, by contrast, Plaintiffs' assertion of independent state-law grounds for its claims under the UCL does not depend on nor require a Court to construe TILA.

required because *Grable & Sons* only allows removal if it would not severely disrupt the "congressionally approved balance of federal and state judicial responsibilities."  545 U.S. at 314.  This is precisely what would occur here if removal were allowed for every state law UCL claim that a Defendant alleges borrows from any federal law, not the least of which may be any deceptive and predatory mortgage lending practices committed against thousands of homeowners.  *See*, *e.g.*, *Bolden*, *supra*, 618 F. Supp. 2d at 1207 ("There is a high probability that accepting Defendant's position would significantly increase the number of state law cases removed to federal court involving UCL claims. Even though UCL claims are no stranger to federal courts, this is no reason to adopt a position that encourages the relationship."); *Wagner v. Wisconsin Auto Title Loans, Inc.*, 584 F. Supp. 2d 1123, 1126 (E.D. Wis. 2008) ("Aside from Wisconsin, there are numerous states with statutes that incorporate TILA's disclosure requirements by reference.  To find in favor of jurisdiction would present the risk of attracting 'a horde of original filings and removal cases raising other state claims with embedded federal issues.'") (quoting *Grable & Sons*, 545 U.S. at 318).  Because removal of state-law claims challenging deceptive Option ARM loans under the UCL could affect tens of thousands of potential cases, the Supreme Court's decision in *Grable & Sons* would not support removal in this case even if its factual and legal predicates were satisfied (which they are not).

Because Plaintiffs nowhere state a federal law claim in their Complaint, any such non-alleged claim could not be deemed essential to Plaintiffs' sought-after relief based upon the assertion of numerous state-law grounds, and because allowing removal of these deceptive and predatory mortgage lending claims under the UCL would severely disrupt the federal-state court balance created by Congress, there is no basis whatsoever for allowing removal.  In sum, Plaintiffs' claims arise exclusively under California law and there is no basis for removal based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).

/ / /

5

Mem. P&A's I.S.O. Plts. Reply - Motion for Remand - 8:09-cv-00914-AHS-RNB

1

**B.    TILA Does Not Completely Preempt Plaintiffs' State-Law Claims.**

2    Defendant next argues for removal because Plaintiffs' claims are allegedly

3   preempted by TILA (*see* Defs' Brief at 10-11).  Preliminarily, Defendant apparently does

4   not understand the difference between ordinary preemption as a federal law *defense* and

5   the doctrine of "complete preemption" as a grounds for removal based on Congress's

6   creation of an exclusive federal cause of action.  In any case, neither doctrine applies to

7   this case.  However, the Court need only address the latter in deciding the Motion to

8   Remand.

9    Since the removal statutes make the plaintiff's complaint the sole basis for

10   determining federal court jurisdiction, *see Caterpillar, supra*, 482 U.S. at 392 ("federal

11   jurisdiction exists only when a federal question is presented on the face of the plaintiff's

12   properly pleaded complaint"), "it is now settled law that a case may *not* be removed to

13   federal court on the basis of a federal defense, including the defense of pre-emption, even

14   if the defense is anticipated in the plaintiff's complaint, and even if both sides concede

15   that the federal defense is the only question truly at issue." *Id*. at 393 (emphasis in

16   original); *Chik Kam Choo v. Exxon Corp.*, 486 U.S. 140, 150 (1988) ("We simply hold

17   that respondents must present their pre-emption argument to the Texas state courts, which

18   are presumed competent to resolve federal issues.").  Despite the foregoing, Defendant

19   ignores the Supreme Court and erroneously contend that federal question jurisdiction

20   based upon federal preemption.

21    Defendant also seeks to rely on the extremely rare doctrine of "complete

22   preemption."  Notably, the doctrine of complete preemption is not an exception to the

23   rule that federal law defenses, including preemption defenses, do not create federal

24   question jurisdiction.  This is because complete preemption is *not* a federal law defense

25   but rather is a doctrine whereby the Supreme Court has recognized in limited

26   circumstances Congress's intent to create an exclusive federal law cause of action that is

27   deemed to subsume any possible state-law claim by converting it into a federal one so

28   that:

> When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court.

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).  Complete preemption removal applies only if "the federal statutes at issue provided the *exclusive* cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Id*.  (Emphasis supplied.)

Here, although TILA certainly sets forth possible procedures and remedies governing causes of action for violations of its provisions, it by no stretch of the imagination creates an *exclusive* cause of action.  To the contrary, Congress explicitly stated in TILA its intent *not* to create exclusive causes of action and remedies by enacting a carefully worded preemption *and savings* provision that limits TILA's preemptive effect to those state laws creating inconsistent disclosure requirements:

> Except as provided in subsection (e) of this section, this part and parts B and C of this subchapter do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter ***and then only to the extent of the inconsistency.***  Upon its own motion or upon the request of any creditor, State or other interested party which is submitted in accordance with procedures prescribed in regulations of the [Federal Reserve] Board, the Board shall determine whether any such inconsistency exists.  If the Board determines that a State-required disclosure is inconsistent, creditors located in that State may not make disclosures using the inconsistent term or form, and shall incur no liability under the law of that State for failure to use such term or form, notwithstanding that such determination is subsequently amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

15 U.S.C. § 1610(a).  Congress thus made clear its intent to preempt *only* those state laws found by the Federal Reserve Board to impose inconsistent disclosure requirements, thereby also expressing a clear and explicit intent *not* to preempt any other state-law causes of action or remedies.  The very fact of this savings clause and its preservation of

7

Mem. P&A's I.S.O. Plts. Reply - Motion for Remand - 8:09-cv-00914-AHS-RNB

*any* state-law claims demonstrates that Congress did not intend to create exclusive causes of action under TILA, and thus did not completely preempt state-law claims.

This was precisely the conclusion reached by the U.S. Court of Appeals for the Eighth Circuit in *Magee v. Exxon Corp.*, 135 F.3d 599 (8th Cir. 1998) when it held that "[w]e need go no further than the statutory text to conclude the ***TILA lacks that extraordinary preemptive power necessary to convert a state-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.***" *Id.* at 602 (emphasis supplied).[3]

Defendant has produced no authority to the contrary, because, so far as Plaintiffs can tell, there is none. Instead, Defendant simply relies on cases recognizing preemption *defenses* in particular cases. *See* Defs' Brief at 11 (citing *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008); *Nava v. VirtualBank*, No. 08-CV-00069-FCD-KJM, 2008 WL 2873406 (E.D. Cal. Jul. 16, 2008) (which defendant describes as "*dismissing* a fraudulent omissions claim as preempted by TILA") (emphasis added).[4]

Finally, although the statute and case-law make it clear beyond serious dispute that TILA does not support removal based on complete preemption, the Federal Reserve Board's Official State Commentary erases any doubt that may linger. The Federal Reserve's commentary recognizes that TILA does not even create exclusive loan disclosure requirements, let alone exclusive causes of action and remedies, and thus cannot serve as a vehicle for complete preemption removal:

---

[3] This was similarly held in the unpublished opinion of *Wells Fargo Bank West, Nat'l Ass'n v. Burns*, 100 Fed. Appx. 599 (8th Cir. 2004) ("[T]he complete-preemption doctrine does not apply to claims under the TILA.").

[4]  The one case Defendant cites that actually involves removal based on complete preemption has nothing to do with TILA.  In *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405 (9th Cir. 1998), the Ninth Circuit held that removal was appropriate since "[i]t is well-established that the [Internal Revenue Code] provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds." *Id.* at 1409.  The fact that the statute at issue, the Internal Revenue Code, created the *exclusive* cause of action for tax refunds thus was decisive to the Ninth Circuit's ruling, easily distinguishing arguments involving preemption under TILA in light of the latter statute's express savings provision for state law.

---

1

2

3

4

5

6

> 3.  Laws not contradictory to chapters 1, 2, and 3.  *Generally, state law requirements that call for the disclosure of items of information not covered by the federal law, or that require more detailed disclosures, do not contradict the federal requirements.*  Examples of laws that are not preempted include: a.  A state law that requires disclosure of the minimum periodic payment for open-end credit, even though not required by [16 C.F.R.] § 226.7.  b.  A state law that requires contracts to contain warnings such as: 'Read this contract before you sign. Do not sign if any spaces are left blank.  You are entitled to a copy of the contract.'

7

Comment, 16 C.F.R. § 226.28(a).

8

9

10

11

12

13

14

15

In light of TILA's plain language, the Federal Reserve Board's Official Staff Commentary, and the unanimous opinion of federal courts all demonstrating that TILA does not create exclusive requirements *even within the domain of loan disclosures*, there is no statutory basis whatsoever for Defendant's argument that TILA creates an exclusive cause of action for mortgage loan disclosures under the rarely used doctrine of "complete preemption."  Indeed, since Defendant's opposition brief barely even articulates what the doctrine of complete preemption is, it provides no basis whatsoever for removal based on TILA or any other federal statute.

16

### C.    There is No Removal Jurisdiction Based on "Forum Shopping."

17

18

19

20

21

22

23

24

25

26

27

28

Oddly, Defendant tries to contend that there is removal jurisdiction based on their unfounded allegations that Plaintiffs are engaged in "forum shopping" (*see* Defs' Brief at 5) in exercising their undisputed right to assert or preserve exclusively state-law causes of action.  This Court rejected this precise argument in *Ly v. Gateway Business Bank*, 2009 U.S. Dist. LEXIS 56902 (C.D. Cal. June 11, 2009), finding that there was insufficient evidence for the Court to declare that a plaintiff is engaging in forum shopping where a case had not proceeded beyond the pleadings stage and thus had not required a large investment of party and court resources.  *Id*. at *5-6 (citing and distinguishing *In re Paoli RR Yard PCB Litig.*, 35 F.3d 717, 737-38 (3d Cir. 1994) (case involving abandonment of claims after six years of litigation and summary judgment ruling)).  In *Ly*, the Court remanded the same state-law claims for fraudulent omissions, violations of the UCL, and breach of contract challenging deceptive Option ARM lending practices as are at issue

here at the same stage of proceedings as here, finding that there was no basis either in allegations of "forum shopping" or in arguments based on TILA and/or preemption for keeping the case in federal court. *Id*. at *6. The same conclusion should apply here.

### D.    Defendant's Arguments Based on "Supplemental Jurisdiction" Must Also Be Rejected.

In light of the foregoing, Defendant's arguments for exercising supplemental jurisdiction over Plaintiffs' breach of contract claims has no remaining force.  Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Since this case does not involve any claims within the Court's original jurisdiction, there is no basis for the Court to exercise supplemental jurisdiction over Plaintiffs' contract-based claims.  Accordingly, Plaintiffs' assertion of supplemental jurisdiction under § 1367(a) fails for the same reasons its assertions of original jurisdiction do.

### III.    CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that their Motion to Remand be granted.

DATED: September 21, 2009            **ARBOGAST & BERNS LLP**

By:  */s/ David M. Arbogast*
David M. Arbogast, Esq.
6303 Owensmouth Ave., 10th Floor
Woodland Hills, CA 91367-2263
Phone: (818) 961-2000
Fax:    (818) 936-0232

J. Mark Moore, Esq.
Ira Spiro, Esq.
**SPIRO MOSS LLP**
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Phone: (310) 235-2468
Fax:    (310) 235-2456

Attorneys for Plaintiffs